UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANGEL L. MARTINEZ,

                              Plaintiff,

-v.-

                                              9: 04-CV-0440
                                                (FJS)(DEP)

SCOTT THOMPSON, Correctional Officer, Oneida
Correctional Facility; LARRY SISCO, Correctional Officer,
Oneida Correctional Facility; SCOTT MYERS, Correctional
Officer, Oneida Correctional Facility; THOMAS NOVAK,
Correctional Officer, Oneida Correctional Facility;
B. LABRAGUE, Correctional Officer, Oneida Correctional
Facility, *et al.*,

                              Defendants.

---

APPEARANCES:                           OF COUNSEL:

ANGEL L. MARTINEZ
Plaintiff, *Pro se*

HON. ANDREW M. CUOMO           MARIA MORAN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants

DAVID E. PEEBLES, United States Magistrate Judge

### DECISION and ORDER

      Plaintiff Angel L. Martinez, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, commenced this civil rights action against various Department of Correctional Services ("DOCS") employees pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights. Plaintiff claims, *inter alia*, that (1) he was physically assaulted by several of the Defendants, (2) retaliated against for "having exercised his right to petition the government to redress grievances," (3) denied medical care in deliberate indifference to his serious medical needs, (4) issued a false misbehavior report, (5) unjustly placed in segregated confinement, and (5) maliciously prosecuted. *See* Dkt. No. 1 (Complaint).

Extensive discovery has already occurred in this action. By Order filed on March 20, 2006, discovery disputes between the parties were reviewed and an Order issued requiring the production by the Defendants of additional discovery. Dkt. No. 69 ("March Order"). The March Order also granted Plaintiff's motion to amend his complaint. *Id*. The amended complaint was filed with the Court on March 28, 2006. Dkt. No. 70.

Currently before the Court is Defendants' motion for reconsideration of the March Order and for relief pursuant to Federal Rule of Civil Procedure 26(c). Dkt. No. 74. Plaintiff has responded in opposition. Dkt. No. 81. Defendants have replied to Plaintiff's opposition. Dkt. No. 84. Also before the Court are three separate motions by the Plaintiff. Two of the motions seek sanctions against the Defendants. Dkt. Nos. 78 and 101. Defendants have filed a response in opposition to these motions. Dkt. Nos. 83 and 104. Plaintiff has submitted replies to Defendants' opposition papers. Dkt. Nos. 85 and 105. Plaintiff has also filed a motion to amend his amended complaint. Dkt. No. 94. Defendants oppose the motion. Dkt. No. 96. Plaintiff has replied to Defendants' opposition to Plaintiff's motion to amend. Dkt. No. 97.

I.     Motion for reconsideration and a protective order

Defendants have filed a motion asking the Court to reconsider and modify certain parts of the March Order. Dkt. No. 74. By the March Order, Defendants were directed to produce:

> (1) a list of corrections employees assigned to work in M-Dorm and on February 25, 2003 from 3:00 p.m. to 10:00 p.m.; (2) a list of corrections employees who were assigned to work in SHU during the 3:00 p.m. to 10:00 p.m. shift on February 25, 2003; (3) a list of corrections employees assigned to work in SHU (19 Bldg., U-Hallway) during the 7:00 a.m. to 3:00 p.m. shift on February 26, 2003; and (4) a list of corrections employees assigned to work in SHU (19 Bldg., U-Hallway) during the 3:00 p.m. to 10:00 p.m. shift on March 5, 2003. The defendants are also directed to produce, **for**

>    plaintiff's inspection, photographs of the aforesaid corrections
>    employees, labeled by name, if they are maintained by the defendants.

Dkt. No. 69 at 5.

Defendants first ask that, for security reasons, the Court direct that Plaintiff may inspect the copies of the photographs produced but that Plaintiff not be permitted to retain a copy or photocopy of any such photograph produced for his inspection. This portion of Defendants' motion is granted.

Next, since Plaintiff needs the photographs so that he can identify "John Doe" defendants, the Defendants ask that they only be required to produce photographs of employees that were working the locations and shifts that the "John Doe" defendants are alleged to have worked. The Court has reviewed Plaintiff's amended complaint which includes unidentified Defendants as follows: John Doe I, John Doe II, John Doe III, John Doe V, and James Doe, Sgt. *See* Dkt. No. 70. The alleged wrongdoing by Defendants John Doe I, John Doe II, and John Doe III occurred in the Special Housing Unit (SHU) at Oneida Correctional Facility sometime after 3:00 p.m. on February 25, 2003; the alleged wrongdoing by Defendants John Doe V and James Doe occurred in the Special Housing Unit (SHU) at Oneida Correctional Facility sometime in the late morning on February 26, 2003.[1] *Id*. at 5-8. Defendants further state that the Log Book for Oneida SHU[2] indicates that Plaintiff was admitted to Oneida SHU at approximately 4:35 p.m. on February 25, 2003.[3] Dkt. No. 74 at 2. Plaintiff opposes this modification, arguing that he also needs to identify correctional

---

[1] It appears that Plaintiff has since identified "James Doe" as Sergeant Swinbourne. *See* Dkt. No. 94 (Plaintiff's Motion to Amend the Amended Complaint).

[2] Defendants also refer to Oneida SHU as 19-U. Dkt. No. 74 at 2.

[3] Defendants therefore contend that photographs of employees working the 7:45 a.m. to 3:45 p.m. shift at SHU on February 25, 2003 are unnecessary. Dkt. No. 74 at 2.

3

officers "who responded to the 'code 17' (emergency response) in Oneida M-Dorm on February 25, 2003." Dkt. No. 81 at 2-3. The Court will not permit Plaintiff to use discovery as a fishing expedition to identify other possible defendants or witnesses. *See Messier v. Southbury Training School*, No. 3:94-CV-1706, 1998 WL 136170, at *6 (D.Conn. Jan. 30, 1998) (discovery "fishing expedition[s]" are "disfavored by courts") (citations omitted). Accordingly, Defendants' request to modify this aspect of the March Order is also granted. Defendants shall, within thirty days of the filing date of this Order, produce for Plaintiff's inspection only photographs, labeled by name, of corrections employees who were assigned to work in SHU at Oneida (1) during the 3:45 p.m. to 10:00 p.m. shift on February 25, 2003 and (2) during the 7:45 a.m. to 3:45 p.m. shift on February 26, 2003.

Finally, the Defendants ask to modify that part of the March Order which directed the Defendants to produce "closing memorandum and summary reports" for investigations into the incidents set forth in the complaint by the Inspector General's Office. *See* Dkt. No. 69 at 6-7. Defendants have submitted to the Court, for *in camera* review, a copy of the Inspector General's Report ("Report"), as well as a redacted version of the Report. Defendants contend that the redacted version should be produced to Plaintiff because of the "serious security concerns regarding the release of an Inspector General's Office Investigative Report to the plaintiff, who is *pro se*." Dkt. No. 74 at 2. The Defendants have submitted the Affidavit of Kenneth McLaughlin, Director of the Office of the Inspector General of the New York State Department of Correctional Services, outlining the security concerns. *Id*. at 3-4. The Court has reviewed the Affidavit in conjunction with the full Report and the redacted version of the Report and has determined that Plaintiff should be provided with the redacted version of the Report. Accordingly, Defendants' request to modify

4

this aspect of the March Order is also granted. Defendants shall, within thirty days of the filing date of this Order, produce a copy of the redacted Report to Plaintiff.

II.     First motion for sanctions

Plaintiff asks the Court to impose sanctions against the Defendants because, although Defendants have "partially responded" to the March Order, the Defendants "are defiant and disobeying [the March Order] by failing to disclose, by providing false and misleading information, by failing to cooperate and to comply" with the March Order. Dkt. No. 78 at 1. Defendants oppose the motion because: (1) Plaintiff did not make good faith efforts to resolve the discovery disputes with the Defendants before filing the motion; (2) Plaintiff did not serve any of the 12 exhibits, which are part of Plaintiff's motion, upon the Defendants; and (3) Plaintiff's complaints regarding the proffered discovery lack merit. Dkt. No. 83.

The Court has reviewed Plaintiff's motion for sanctions and finds that it lacks merit. For example, Plaintiff complains that Defendants produced copies of log book pages, rather than a list of names, in response to the request for production regarding which correctional employees worked at particular locations on particular days. Dkt. No. 78 at 2. The Court agrees with Defendants that, since Plaintiff's discovery request was a request for production of documents, the log book entries, rather than a list of names, would be the correct response. To the extent, however, that Plaintiff claims that the names and signatures are illegible, Defendants are directed to re-produce the pages of the log book with printed versions of the employee names next to the signatures.

With respect to Plaintiff's remaining objections to Defendants' production, most of the documents requested do not appear to be in the possession or control of the Defendants. For example, Plaintiff asks for copies of statements of witnesses made before the Grand Jury on June

5

10, 2003 and State Police reports relating to the incidents alleged in the amended complaint. While it is true that the Court ordered production of police reports in its March Order, the production was conditioned to the extent that Defendants have a copy of any State Police reports or summaries relating to the incidents set forth in the complaint in their possession or control. Dkt. No. 69 at 6-7. Since Defendants indicate that they do not possess such reports, they have properly complied with the court's directive.

The Court has reviewed the remaining portions of Plaintiff's first motion for sanctions, and finds that Plaintiff is not entitled to further discovery or to have sanctions imposed against the Defendants. Plaintiff's motion is therefore denied.

III.    Motion to amend

Although the deadline to file non-dispositive motions, including motions to amend, had already expired, in July 2006 Plaintiff requested and received an extension of time of the non-dispositive motion filing deadline for the sole purpose of submitting a motion to amend to identify John Doe defendants. *See* Dkt. No. 91. Plaintiff thereafter filed a motion to amend his amended complaint seeking to (1) substitute Sergeant Swinbourne for James Doe; (2) make changes to the complaint and (3) add nine causes of action. Dkt. No. 94. Defendants oppose Plaintiff's motion, arguing that the motion "exceeds the parameters upon which plaintiff was granted" an extension of time to file a motion to amend. Dkt. No. 96. Plaintiff has replied to the opposition, arguing that Defendants' delay in responding to discovery necessitated an expanded motion to amend. Dkt. No. 97.

A motion to amend a pleading is governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) states that leave to amend "shall be freely given when justice so requires."

Fed. R. Civ. Proc. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3rd 1127, 1133 (2d Cir. 1993). The Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should ... be "freely given."

*Foman*, 371 U.S. at 182.[4]

Where it appears that granting leave to amend would be "unproductive" or futile, the court does not abuse its discretion in denying leave. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman*, 371 U.S. at 182). If there is no merit to the proposed amendments, leave to amend should be denied. *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). "If the statute of limitations has run and relation-back under Rule 15(c)(3) is unavailable, the Court may deem the replacement of a Jane Doe with a named defendant futile." *Godlewska v. HDA*, No. CV-03-3985, 2006 WL 1422410, at *2 (E.D.N.Y. May 18, 2006) (citing *Johnson v. Abate*, No. 93-CV-1134, 1999 WL 1215560, at *3 (E.D.N.Y. Dec 2, 1999) (other citation omitted).

A. Amendment to identify "James Doe"

In his proposed amended pleading, Plaintiff alleges wrongdoing by Sergeant Swinbourne

---

[4] In the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21 of the Federal Rules. *United States v. Chilstead Building Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.) (citations omitted). Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Rule 21 is "intended to permit the bringing in of a person, who through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." *United States v. Commercial Bank of North America*, 31 F.R.D. 133, 135 (S.D.N.Y. 1962) (internal quotations omitted). Addition of parties under Rule 21 is guided by the same liberal standard as a motion to amend under Rule 15. *Momentum Luggage and Leisure Bags v. Jansport, Inc.*, No. 00 Civ. 7909, 2001 WL 58000, at *1-2 (S.D.N.Y. Jan. 23, 2001) (collecting cases).

that occurred on February 26, 2003. Dkt. No. 94, Proposed Amended Complaint at ¶¶ 47-48. Plaintiff claims that Sergeant Swinbourne "violated plaintiff's federal constitutional rights in using physical force against plaintiff without just cause or provocation ... [and] exercised deliberate indifference to plaintiff['s] health and safety by failing to intervene and to protect the plaintiff from other defendants' attacks without just cause or provocation." *Id*., Proposed Amended Complaint at ¶ 94. The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Thus, the statute of limitations expired for these claims no later than February 26, 2006. Although Plaintiff's original complaint was filed on April 19, 2004, Plaintiff's motion for permission to add Swinbourne as a defendant was not filed until July 17, 2006 -- almost five months after the statute expired for claims against Swinbourne. Thus, Plaintiff would be permitted to amend his amended complaint as requested only if he can establish that the amendments relate back to his original complaint**.**

> Rule 15(c) states in relevant part that
>
>> An amendment of a pleading relates back to the date of the original pleading when
>>    (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>>    (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>>    (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits**,** and **(**B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought

> against the party.

Fed. R. Civ. P. 15(c).

> In order to use the relation back doctrine to add defendants after the statute of limitations has run, a plaintiff must establish three things: both complaints must arise out of the same conduct, transaction, or occurrence; the additional defendants must have been omitted from the original complaint by mistake; and the additional defendants must not be prejudiced by the delay.

*Vineyard v. County of Nassau*, 329 F. Supp.2d 364, 368 (E.D.N.Y. July 7, 2004); *see also* Fed. R. Civ. P. 15(c).

The claims against Swinbourne appear to arise out of the same transactions or occurrences as the claims alleged in Plaintiff's original Complaint. However, in order to succeed on this motion, Plaintiff must also show that the "James Doe" defendant was not originally named because of a mistake. "Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Vineyard*, 329 F. Supp.2d at 368 (*citing Barrow v. Wethersfield Police Dep't*, 66 F.3d 466 (2d Cir. 1995), *modified* 74 F.3d 1366, 1367 (2d Cir. 1996)*; see also Sepulveda v. City of New York*, No. 01 CV 3117, 2003 WL 22052870, at *2 (S.D.N.Y. Sept. 2, 2003) (proposed amendment to substitute named party for a John Doe is not result of a mistake but rather the result of ignorance of the identity and therefore does not relate back to original complaint); *Tapia-Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir. 1999) (an amended complaint adding new defendants cannot relate back to the original complaint if the newly-added defendants were not named because plaintiff did not know their identities).

9

In this case, Plaintiff does not claim that he made a "mistake" in not naming Swinbourne in his earlier pleadings. Instead he states that since the filing of his first amended complaint, Plaintiff has determined Swinbourne's identity. *See* Dkt. No. 94 at 1. Since Plaintiff's amendment arises from his prior lack of knowledge rather than from a mistake, his amendments do not relate back to the prior pleadings and are thus time-barred. Plaintiff's motion to amend his amended complaint with respect to adding Swinbourne as a defendant is therefore denied as futile. *See Sepulveda*, 2003 WL 22052870, at *2) (*citing Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) (amendment to a pleading is futile where the claim is barred by the applicable statute of limitations).

B. Remaining amendments

Plaintiff's motion to amend also seeks to add new allegations against the existing Defendants and insert nine additional causes of action. A Pretrial Scheduling Order was filed in this action on November 1, 2004. Dkt. No. 26. After multiple extensions of the deadline for filing non-dispositive motions, the non-dispositive motion filing deadline expired on March 17, 2005 -- sixteen months before Plaintiff filed the present motion. In July 2006 Plaintiff requested and received an extension of time of the non-dispositive motion filing deadline for the sole purpose of submitting a motion to amend to identify John Doe defendants. *See* Dkt. No. 91. Defendants assert that Plaintiff's present motion should be denied because it "exceeds the parameters upon which plaintiff was granted the extension." Dkt. No. 96.

The Second Circuit has stated that "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000). Moreover, it is not an abuse of discretion to

10

deny a motion to amend filed after the expiration of the time set forth in the pretrial scheduling order, especially if, when the motion was filed, discovery had been completed and a motion for summary judgment had been filed. *See Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003).

This action was filed almost three years ago and discovery is now complete. Moreover, Plaintiff has already filed one amended complaint. Seeking leave to amend at this time clearly constitutes "undue delay," and the granting of such leave would result in "undue prejudice to the opposing parties," - thereby warranting the denial of Plaintiff's motion to amend. *See Foman*, 371 U.S. at 182.

Accordingly, this aspect of Plaintiff's motion to amend is also denied.

IV.     Second motion for sanctions

Plaintiff seeks sanctions against the Defendants claiming that they (1) improperly disclosed his medical file to non-medical personnel and (2) obtained Plaintiff's medical records without a court order. Dkt. No. 101. Defendants oppose the motion. Dkt. No. 104. Plaintiff has submitted a reply. Dkt. No. 105.

Plaintiff claims that Defendants improperly disclosed his medical records to Ms. Ervolina, the inmate records coordinator at Cayuga Correctional Facility, who delivered Plaintiff's medical file to him for his inspection.[5] Dkt. No. 101 at 2-5. Plaintiff also alleges that when he asked for copies of some of his records, Ms. Ervolina "relayed his medical file to Ms. K. Stevenson, Senior Counselor and a FOIL Officer here in Cayuga -- a non-medical staff." *Id*. at 3. Defendants have submitted an affidavit from Ms. Ervolina. Dkt. No. 104, Ervolina Decl. Ms. Ervolina

---

[5] During the course of discovery, Plaintiff asked to review his medical records.

acknowledges that she delivered Plaintiff's medical records to him and let him review the records "in a separate room." Ms. Ervolina states that at no time did she forward Plaintiff's medical records to Ms. Stevenson; she only forwarded a copy of Plaintiff's disbursement form, which would authorize the release of Plaintiff's funds to cover the cost of copying records that Plaintiff had requested, to Ms. Stevenson. *Id.*, Ervolina Decl. at 1-2. Ms. Ervolina states that she "did not read the records that were produced for plaintiff's inspection by the Attorney General's Office or permit anyone but the plaintiff to review them." *Id.*, Ervolina Decl. at 2. Defendants contend that "plaintiff's claim that his medical records and/or condition was improperly disclosed is admittedly based on pure speculation and not substantiated by any facts." Dkt. No. 104 at 4. Plaintiff has not established any basis for imposing sanctions against the Defendants for their alleged improper disclosure of Plaintiff's medical records.

Plaintiff also claims that Defendants obtained Plaintiff's medical records without court authorization, and therefore should be sanctioned. Dkt. No. 101 at 9-10. Defendants oppose this part of the motion because "[p]laintiff's medical records were obtained by defendants' counsel pursuant to Authorizations for Release and Disclosure of Health Information that were duly executed by the plaintiff." Dkt. No. 104 at 4; *see also* Dkt. No. 101 at Exhibits 2 and 15 (copies of Plaintiff's Authorizations for Release and Disclosure of Health Information). Since Defendants obtained Plaintiff's medical records with Plaintiff's permission, a court order was not necessary.[6]

---

[6] Plaintiff refers to Rule 26.2 of the Local Rules of Practice of the Northern District of New York which states that "[p]arties shall not file notices to take depositions, transcripts of depositions, interrogatories, requests for documents, requests for admissions, disclosures, and answers and responses to these notices and requests unless the Court orders otherwise...." Dkt. No. 105 at 9; *see also* Local Rule 26.2. This rule only applies to the filing of papers with the Court. It does not apply to the conduct of discovery between the parties**.**

Plaintiff's second motion for sanctions (Dkt. No. 101) is denied in its entirety.

V. Motion filing deadline

By Order of the Court filed on October 19, 2005, the dispositive motion filing deadline was stayed pending a final determination on the motions that were then pending before the Court. Dkt. No. 68. All motions have now been addressed by the Court. Accordingly, the stay issued in this Court's October 19, 2005 Order is lifted and the dispositive motion filing deadline is reset until May 18, 2007.[7]

WHEREFORE, it is hereby

ORDERED, that Defendants' motion for reconsideration and for a protective order (Dkt. No. 74) is GRANTED, as set forth and limited above. Defendants must produce required documents within THIRTY (30) DAYS of the filing date of this Order, and it is further

ORDERED, that Plaintiff's first motion for sanctions (Dkt. No. 78) is DENIED,[8] and it is further

ORDERED, that Plaintiff's motion to amend his amended complaint (Dkt. No. 94) is DENIED for the reasons set forth above, and it is further

ORDERED, that Plaintiff's second motion for sanctions (Dkt. No. 101) is DENIED, and it is further

ORDERED, that the stay issued in this Court's October 19, 2005 Order is lifted and the dispositive motion filing deadline is reset until May 18, 2007, and it is further

---

[7] All other pre-trial deadlines have expired.

[8] Defendants are reminded however that they must re-produce pages of the log book, with signatures identified, as more fully set forth in Section II of this Order.

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Dated:  March 29, 2007
        Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge